# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA SEGURA o/b/o A.G.V.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-01103-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM OF A.G.V.<br><br>(Docs. 2, 3, 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On August 29, 2025, Plaintiff Veronica Segura on behalf of minor A.G.V. ("Plaintiff"), through counsel, filed this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration. (Doc. 1.) On the same day, Veronica Segura filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Doc. 2.) On September 3, 2025, the Court ordered Veronica Segura to file a long form application to proceed IFP. (Doc. 4.) On September 24, 2025, Veronica Segura filed a long form IFP application. (Doc. 5.) Additionally, Veronica Segura petitions for appointment as guardian ad litem for her

1

child, A.G.V., a minor.  (Doc. 3.)  Both motions are currently before the Court.

**I.   IFP**

According to Veronica Segura's long form application, she receives $3,000 per month in average monthly income through her employment.  (Doc. 5 at 1.)  Her spouse receives $2,500 per month in average monthly income through his employment.  (*Id.*)  Veronica Segura notes that her spouse is employed as a farm laborer and works seasonally.  (*Id.* at 5.)  The Court will presume that Veronica Segura accurately reflected her spouse's income as "*average* monthly income amount during the past 12 months" as instructed by the directions, to accommodate the seasonal nature of her spouse's employment.  (*Id.* at 1) (emphasis added).  This amounts to an annual income of $66,000 ($5,500 x 12 months = $ 66,000).  Veronica Segura lists four minor children as dependents.  (*Id.* at 3.)

"To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, No. 1:19-cv-00040, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).  Many courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating *in forma pauperis* applications. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv.*, No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to in forma pauperis application).  For a family or household of six, the 2025 poverty guideline is $43,150. *See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Federal Programs*, available at https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited September 25, 2025).

Having considered Veronica Segura's application, the Court finds that she has not made the showing required by section 1915 that she is unable to pay the required fees for this action.  Veronica Segura's household estimated annual income exceeds the federal poverty guidelines.  In light of this, there is no indication that Veronica Segura is unable to pay the filing fee while also providing for the necessities of life.

2

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

**II.     Petition for Appointment of Guardian Ad Litem**

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  This requires a district court to take whatever measures it deems proper to protect the individual during litigation.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).  In pertinent part, Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)).  "While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. *Id.*

The Court has considered the petition and finds no apparent conflict that would preclude A.G.V.'s mother from serving as guardian ad litem.  The supporting declaration of Veronica Segura indicates the following: (1) she is the mother of A.G.V., a minor; (2) she is familiar with A.G.V.'s medical conditions; (3) A.G.V. has no general guardianship and no previous petition for

3

appointment of guardian ad litem; and (4) she is willing to act as guardian ad litem for the minor A.G.V. (Doc. 3 at 1-2, Declaration of Veronica Segura ¶¶ 3-6.) Additionally, the petition indicates that Veronica Segura is a competent and responsible person and fully competent to act as a guardian ad litem. (Doc. 3 at 2.)

Accordingly, IT IS HEREBY ORDERED that Veronica Segura is appointed in this action as guardian ad litem for A.G.V., a minor.

Furthermore, it is HEREBY RECOMMENDED that:

1. Veronica Segura's applications to proceed without prepayment of fees and costs (Docs. 2, 5) be DENIED; and

2. Plaintiff be required to pay the $405.00 filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 25, 2025**          /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE